**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**ELLIOT LAW OFFICE PC**
DAVID ELLIOT (270381)
2028 3rd Avenue
San Diego, CA 92101
Telephone: (619) 468-4865
***Attorneys for Plaintiffs and the Proposed Classes***

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA AUGUSTINE, ADRIANA MCCLORIA, and MATTHEW RUTLEDGE, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WELCH FOODS, INC., a cooperative;<br><br>*Defendant*. | Case No.  **'21 CV332   GPC NLS**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## **TABLE OF CONTENTS**

I.      JURISDICTION AND VENUE ........................................................1

II.     NATURE OF THE ACTION ..........................................................2

III.    PARTIES .............................................................................3

IV.     FACTUAL ALLEGATIONS .........................................................4

   A.   Welch's Does Not Disclose That Its Products Are Artificially Flavored ....4

   B.   Federal and State Laws Require Welch's to Disclose Artificial Flavors in
        Its Food Products .............................................................11

   C.   Welch's Competitors Label Their Products Lawfully................................14

   D.   Plaintiffs and the Class Paid a Price Premium for Misbranded Products....15

V.      DELAYED DISCOVERY ............................................................17

VI.     CLASS ACTION ALLEGATIONS ...............................................18

VII.    CAUSES OF ACTION .............................................................22

FIRST CAUSE OF ACTION ................................................................22

SECOND CAUSE OF ACTION ...........................................................22

THIRD CAUSE OF ACTION ..............................................................24

FOURTH CAUSE OF ACTION ...........................................................27

FIFTH CAUSE OF ACTION ...............................................................28

SIXTH CAUSE OF ACTION ...............................................................29

SEVENTH CAUSE OF ACTION ..........................................................31

EIGHTH CAUSE OF ACTION ............................................................32

NINTH CAUSE OF ACTION ..............................................................33

VIII.   PRAYER FOR RELIEF ............................................................34

IX.     DEMAND FOR JURY TRIAL ....................................................35

Jessica Augustine, Adriane McCloria, and Matthew Rutledge ("Plaintiffs"), on behalf of themselves individually and all others similarly situated, by and through their undersigned counsel, hereby bring this action against Defendant Welch Foods, Inc., ("Welch's", or "Defendant"), and upon information and belief and investigation of counsel, allege as follows:

## I. <u>JURISDICTION AND VENUE</u>

1.      Plaintiffs bring this proposed class action in this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005).

2.      This Court has subject matter jurisdiction over this proposed class action under CAFA, which provides the Federal courts with original jurisdiction over any class action in which any member of the Plaintiff class is a citizen of a state different from any defendant and the matter in controversy exceeds $5 million in the aggregate exclusive of interest and costs.

3.      Minimal diversity as required by 28 U.S.C. §§ 1332(a)(1), (d)(2)(A) is satisfied as Plaintiffs are citizens of California and Defendant Welch's is a citizen of Massachusetts.

4.      The jurisdictional amount in controversy is satisfied. Plaintiffs allege on information and belief that the total claims of the members of the proposed Class in this action are in excess of $5 million in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

5.      This matter is not a "local controversy" pursuant to 28 U.S.C. § 1332(d)(5)(B). Plaintiffs allege on information and belief that more than two-thirds of the members of the proposed Class are citizens of states other than California where this action is filed, and that the proposed Class contains more than 100 persons.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business in this district, and Plaintiffs purchased the subject Products of this action in this judicial district.

1

Defendant conducts business and engages in substantial transactions here, and many of the transactions complained of herein occurred in this district including specifically the transactions between Plaintiffs and Defendant.

7.      This Court has both general and specific personal jurisdiction over the Defendant.

8.      The Court has personal jurisdiction over Defendant because the company has affirmatively established and maintained contacts with the State of California and registered to do business in California.[1] This Court further has specific personal jurisdiction arising from Welch's decision to advertise and sell the Products in California. Defendant has sufficient minimum contacts with this State and sufficiently avails itself of the markets of this State through the promotion, sales, and marketing of the Products within the State to render the exercise of jurisdiction by this Court reasonable.

9.      Venue is proper in this County because Defendant Welch's conducts business here, engages in substantial transactions in this County, and many of the transactions complained of herein occurred in this County including specifically the transactions between Plaintiffs and Defendant.

## II.   NATURE OF THE ACTION

10.      This is a national consumer class action for violation of state consumer protection, unfair competition, and false advertising statutes and common-law warranty and consumer protection laws.

11.      Defendant Welch's manufactures, distributes, advertises, markets, and sells a variety of juices and juice-based beverage products.

---

[1] Welch's current corporate status in California is "FTB forfeited" according to the California Secretary of State. "FTB forfeited" means that the business entity registration "was . . . forfeited by the Franchise Tax Board for failure to meet tax requirements (e.g., failure to file a return, pay taxes, penalties, interest)." https://www.sos.ca.gov/business-programs/business-entities/cbs-field-status-definitions; last visited February 13, 2021.

*Augustine v. Welch Foods, Inc.*
CLASS ACTION COMPLAINT

12.     Defendant labels and advertises one such juice-based beverage product as "Light Concord Grape Juice Beverage" and another such juice-based beverage product as "Light White Grape Juice Beverage".

13.     Both these products' advertising claims that these products contain "***No Artificial Flavors***" (emphasis added).

14.     This statement is false. Both these products include artificial flavoring chemicals that simulate the advertised fruit flavors.

15.     Neither Product's label discloses as required by federal and state law that the Products contain artificial flavoring.

16.     Because these products' labels conceal the fact that the products are made with artificial flavors, and Welch's in fact falsely advertises that they contain no artificial flavors, that labeling and advertising is false and misleading. The Products are misbranded under Federal and state law.

17.     Defendant's packaging, labeling, and advertising scheme for these products is intended to give consumers the impression that they are buying a premium, all-natural juice product instead of a product that is artificially flavored.

18.     Plaintiffs, who purchased selected Products multiple times and were deceived by Defendant's unlawful conduct, bring this action on their own behalf and on behalf of consumers nationwide to remedy Defendant's unlawful acts.

19.     On behalf of the Class as defined herein, Plaintiffs seek an order compelling Defendant to, *inter alia*: (1) cease packaging, distributing, advertising and selling the Products in violation of U.S. FDA regulations and state consumer protection laws; (2) inform consumers regarding the Products' misbranding; (3) award Plaintiffs and the other Class-members restitution, actual damages, and punitive damages; and (4) pay all costs of suit, expenses, and attorney fees.

### III.    <u>PARTIES</u>

20.     Defendant Welch Foods, Inc. ("Welch's", or "Defendant") is a Massachusetts corporation with its principal place of business at 300 Baker Avenue,

Suite  101, Concord, Massachusetts.

21.    Welch's is registered with the Massachusetts Secretary of State as corporate entity number 160998906.

22.    Welch's previously registered with the California Secretary of State to do business in California under entity number C0682290.[2]

23.    Welch's manufactures, advertises, markets, distributes, and sells the Products in California and Massachusetts and throughout the United States.

24.    Plaintiff Jessica Augustine is a resident and citizen of San Diego County, California, who purchased the Products multiple times in San Diego County for personal and household consumption.

25.    Plaintiff Adriane McCloria is a resident and citizen of San Bernardino County, California, who purchased the Products multiple times in San Bernardino County for personal and household consumption.

26.    Plaintiff Matthew Rutledge is a resident and citizen of San Bernardino County, California, who purchased the Products multiple times in San Bernardino County for personal and household consumption.

## IV.   FACTUAL ALLEGATIONS

### A.    Welch's Does Not Disclose That Its Products Are Artificially Flavored

27.    Both Products' labels show lifelike illustrations of fresh, ripe grapes and display labels specifically identifying the Products as "grape juice" varietal beverages.

28.    The Light Concord Grape Juice product label shows lifelike illustrations of fresh, ripe, purple grapes. The Product's name, "Light Concord Grape," along with these representations conveys to the consumer by operation of

---

[2] Welch's forfeited their California corporate registration by order of the California Franchise Tax Board; see note 1, *supra*.

*Augustine v. Welch Foods, Inc.*
CLASS ACTION COMPLAINT

federal and state law that the Product is made exclusively from and is flavored only with natural fruit.

29.    The Light White Grape Juice product label is similar.

30.    Neither Product label discloses that the Product contains an artificial flavor.

31.    Further reinforcing these false representations, Welch's product advertising states that the Products contain "***No artificial flavors***."

32.    Both Products, however, include a synthetic chemical flavoring ingredient identified in the products' ingredient lists as "malic acid".

33.    The "malic acid" that Welch's puts in its Products is not a natural flavoring material; it is a synthetic chemical manufactured in a petrochemical factory from petroleum feedstocks.

34.    The Products' labels therefore violate federal and California, Massachusetts, and other states' statutory and common-law consumer protection laws in a minimum of three different ways.

35.    First, because the Products contains added flavoring ingredients that simulate and reinforce each Product's characterizing flavors, the product front label is required by law to disclose the presence of those additional flavorings rather than misleadingly suggest that the Product's flavor is conferred only by natural fruit juices. *See, e.g*., Cal. Health & Saf. Code §109875 *et seq*, (Sherman Law); 21 CFR 101.22.[3]

36.    Second, the Product ingredient list violates Federal and state law

---

[3] California's Sherman Food, Drug, and Cosmetic Act, Cal. Health & Saf. Code §109875 *et seq*, like several other states' consumer protection laws, incorporates into California law all regulations enacted pursuant to the U.S. Food Drug and Cosmetic Act. Any act or omission that would violate an FDCA regulation will also violate California's Sherman Law. *Id*. at §110100. Other states' statutory or common-law consumer protection laws also reference, incorporate by reference, or are guided by FDA regulations.

because it misleadingly identifies the malic acid constituent only as a generic "malic acid" instead of using the correct, specific, non-generic chemical name of the ingredient as required by food labeling regulations. *See* 21 CFR 101.4(a)(1). Because Defendant uses a misleading and unlawful generic name for this ingredient, consumers have no chance to identify it as a synthetic chemical or to know that the Product is artificially flavored.

37.   Third, and even more deceptive, is the fact that the Product advertising claims multiple times, in text and in symbols, that the Products contain "*No artificial flavors*", even though both Products contain an undisclosed artificial flavor made from petrochemicals.

38.   Below is a true and accurate photographic image of the Light Concord Grape Juice Beverage Product showing the Product's front-label.



39.    As shown, the Product label nowhere discloses that the Product contains an artificial flavor.

40.    The Concord Grape Product's listed ingredients are: "Filtered Water, Concord Grape Juice, Malic Acid (For Tartness) [sic], Sodium Citrate, Ascorbic Acid (Vitamin C), Fruit Juice (For Color), Vegetable Juice (For Color), Natural Flavor, Sucralose, Acesulfame Potassium."

41.    The Product ingredient list also fails to identify that the "malic acid" in the Product is an artificial flavor.

42.    Below is a true and accurate photographic image of the front-label of the Light White Grape Juice Beverage Product.



*Augustine v. Welch Foods, Inc.*
CLASS ACTION COMPLAINT

43.     This Product label fails as well to disclose that the Product contains an artificial flavor.

44.     The White Grape Product's listed ingredients are:  "Filtered Water, White Grape Juice, Sodium Citrate, Malic Acid (For Tartness) [sic], Ascorbic Acid (Vitamin C), Natural Flavor, Sucralose, Potassium Metabisulfite (Preservative), Acesulfame Potassium Contains Sulfites To Maintain Flavor And Freshness."

45.     The Product ingredient list also fails to identify that the "malic acid" in the Product is an artificial flavor.

46.     Federal and state consumer protection law requires all food products that contain artificial flavor to disclose this fact to consumers prominently on both the front and back labels.

47.     Defendant fails to do so, deceptively and unlawfully persuading consumers that these Products are "naturally-flavored" when they in fact contain artificial flavors.

48.     Further, Defendant expressly advertises these Products as containing "No Artificial Flavors."[4]

49.     Below is a true and accurate representation of Defendant's current advertising for the Products, disseminated by Welch's on its own Product website. The Product advertisements expressly claim, in two locations, in text and pictogram, that the Products contain "No Artificial Flavors."

_____

[4] https://www.welchs.com/juices/light/concord-grape, last visited February 23, 2021.

8

# Light Concord Grape Juice Beverage

Delicious flavor of Welch's Concord grapes, with only 45 calories per serving! No artificial flavors, or preservatives. 100% daily value of Vitamin C. Refreshingly fruity. 100% of profits go to Welch's American family farmers.

    

Made With USA Grown Grapes | No Preservatives | 2/3 Less Calories | Excellent Source of Vitamin C | No Artificial Flavors

50.    The Products are even advertised to consumers with the additional false assurances that they contain, "<u>NOTHING YOU DON'T WANT</u>: We never add artificial flavors or preservatives to our Concord Grape Light."[5] (emphasis added).

51.    Defendant's advertising is the clearest evidence that Defendant fully understands that the consumers that buy the Products <u>do not want artificial flavors in their juice beverages</u> ("*Nothing you don't want*.")

52.    The exact same advertising copy is displayed for these Products on

---

[5] This advertising copy is from Product advertisements located on a major retailer's website: https://www.walmart.com/ip/Welch-s-Light-Concord-Grape-Juice-64-Fl-Oz/16504449; last visited February 23, 2021. This advertising copy is provided by the "manufacturer, supplier, or others" according to the retailer.

*Augustine v. Welch Foods, Inc.*
CLASS ACTION COMPLAINT

other major U.S. national retailers' websites.[6]

53.    Defendant, in its labeling, advertising, and website promotional copy, intentionally conceals from consumers the fact that its Products are artificially flavored.

54.    There is a naturally-occurring compound sometimes referred to informally as malic acid.

55.    Natural malic acid is identified by its proper scientific name, "l-malic acid." L-malic acid is found naturally in grapes and other fruits; it provides the signature characterizing tart flavor of grapes.

56.    Welch's, however, uses instead in its Products a synthetic manufactured flavoring chemical called dl-malic acid,[7] a racemic mixture of d- and l-isomers.

57.    This kind of 'malic acid' is not naturally-occurring but is in fact made in petrochemical plants from benzene or butane—components of gasoline and lighter fluid, respectively—after an intermediate conversion to maleic anhydride through a series of chemical reactions involving toxic chemical precursors and byproducts.

58.    Maleic anhydride, also called 2,5-Furandione, is a common chemical precursor used in the industrial manufacture of various other chemicals and intermediaries as well as malic acid. It is also commonly used as a feedstock in chemical manufacturing processes to make paints, polymeric plastic resins, industrial coatings, pesticides and agricultural chemicals[8] — or, in this case, to make the artificial flavor that Defendant uses in the Products.

---

[6]   See, e.g., https://www.target.com/p/welch-s-light-concord-grape-juice-64-fl-oz-bottle/-/A-13352722;

[7] D-malic acid is also called d-hydroxybutanedioic acid or (R)-(+)-2-Hydroxysuccinic acid.

[8]   Maleic anhydride, CAS No. 108-31-6; https://www.epa.gov/sites/production/files/2016-09/documents/maleic-anhydride.pdf, visited August 28, 2017.

**B.    Federal and State Laws Require Welch's to Disclose Artificial Flavors in Its Food Products**

59.    Federal and state consumer protection laws define as an artificial flavor "any substance, the function of which is to impart flavor, which is not derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof."[9]

60.    The dl-malic acid that Welch's puts in these Products is derived from petrochemicals, not from "a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material. . . ", and it provides a characterizing tart grape flavor for the Products. The "malic acid" that Welch's puts in its Products is therefore an artificial flavor under federal and state consumer protection laws.

61.    Both the natural and unnatural forms of malic acid are used as flavorings and are considered GRAS (generally recognized as safe) for that use. The dl-malic acid form, used by Welch's, however, has never been thoroughly studied for its health effects in humans despite repeated cautions from health organizations that it should be.

62.    Both forms of malic acid give a "tart, fruity" flavor to food products.

63.    Welch's uses the artificial petrochemical dl-malic acid in its Product to simulate the "tart, fruity" flavor of grapes but pretends otherwise, improperly conflating the natural and the artificial flavorings and deceiving consumers.

64.    Because it contains an artificial flavor, federal and state law require the Products to display both front- and back-label disclosures to inform consumers that they are artificially flavored.

65.    The Products have none of the required disclosures.

66.    The Products violate federal and state consumer protection laws.

---

[9] Cal. Health & Saf. Code §109875, *e.g.;* 21 CFR 101.22(a)(1).

67.    California law, for example, incorporating and mirroring U.S. Food, Drug, and Cosmetic Act regulations by reference, requires that a food's label accurately describe the food product and its characterizing flavors.  *See*, 21 C.F.R. 102.5(a).

68.    Under California's Sherman Law, adopting FDA regulations as California law, a recognizable primary flavor identified on the front label of a food Product is referred to as a "characterizing flavor".

69.    California law, like other states' laws that reference the Federal regulations, requires that if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means" then "such flavor shall be considered the characterizing flavor". *See* 21 C.F.R. 101.22(i).

70.    "Grape", "Concord Grape", and "White Grape" are primary recognizable flavors identified on the Products' front labels. These are therefore by law considered characterizing flavors.

71.    If a product's characterizing flavor is not created exclusively by the named flavor ingredient, the product's front label must state that the product's flavor was simulated or reinforced with either natural or artificial flavorings or both. If any artificial flavor is present which "simulates, resembles or reinforces" the characterizing flavor, the food must be prominently labeled as "Artificially Flavored." 21 C.F.R. 101.22(i) (3), (4).

72.    Federal regulations at 21 C.F.R. 101.22(c) require all foods containing artificial flavoring to include:

A statement of artificial flavoring . . . [which] shall be placed on the food or on its container or wrapper, or on any two or all three of these, as may be necessary to render such a statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.

73.   A food product's label must also include a statement of the "presence or absence of any characterizing ingredient(s) or component(s) . . . when the presence or absence of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance . . .  and consumers may otherwise be misled about the presence or absence of the ingredient(s) or component(s) in the food." 21 C.F.R. 102.5(c).

74.   Such statement must be in boldface print on the front display panel and of sufficient size for an average consumer to notice. *Id*.

75.   Welch's Product labels do not include any of the required label statements.

76.   The Product labels therefore violate Federal and California law.

77.   California's Health & Safety Code, for example, also states that "Any food is misbranded if it bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless its labeling states that fact." Cal. Health & Saf. Code §110740.

78.   Other states' laws similarly require that food product labels be accurate and complete and not misleading.

79.   California state law, like other states' laws, therefore required Defendant to place on the Products' labels a notice to inform consumers that the Products are artificially flavored.

80.   Defendant failed to do so.

81.   Defendant failed to accurately label the Products, deceiving consumers and violating Federal and state law.

82.   Accordingly, Welch's Products are misbranded and illegal to distribute or sell in commerce in the U.S.

83.   Plaintiffs were unaware that the Products contained artificial flavors when they purchased them.

84.   When purchasing the Products, Plaintiffs were seeking products of particular qualities, specifically products that were flavored only with the natural ingredients claimed on the label and which did not contain artificial flavors.

85.   Plaintiffs are not alone in these purchasing preferences. Forbes Magazine reported that 88% of consumers polled recently indicated they would pay more for foods perceived as natural or healthy. "All demographics [of consumers]— from Generation Z to Baby Boomers—say they would pay more" for such products, specifically including foods with no artificial flavors.[10]

86.   Plaintiffs lost money as a result of Defendant's conduct because they purchased Products that contained undisclosed and undesirable artificial flavors, and purchased those Products at a price premium.

87.   Defendant's marketing of the Products reflects this knowledge of consumers' preferences for natural products — not by making the Products only with natural ingredients, but by concealing from consumers that the Products contain artificial flavors.

### C.   Welch's Competitors Label Their Products Lawfully

88.   Defendant Welch's not only deceives consumers but also gains an unfair commercial advantage in the marketplace by labeling the Products deceptively.

89.   Manufacturers of competing beverage products label their products lawfully.

90.   Other manufacturers of artificially-flavored fruit drink products, for example, accurately label their products as "Artificially Flavored."

91.   Other competing manufacturers, offering products whose labels suggest just as Welch's does that their products are naturally flavored, truly are

---

[10] "Consumers Want Healthy Foods--And Will Pay More For Them"; Forbes Magazine, February 15, 2015. https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-want-healthy-foods-and-will-pay-more-for-them/#4b8a6b4b75c5; visited April 7, 2017.

*Augustine v. Welch Foods, Inc.*
CLASS ACTION COMPLAINT

made only with natural ingredients.

92.    Defendant, however, conceals the use of artificial flavoring, deceiving consumers, illegally cutting costs and increasing profits, and competing unfairly and unlawfully in the marketplace, hurting their competitors and the marketplace as well as consumers.

93.    Defendant's conduct injures competing manufacturers that do not engage in the same illegal behavior. Those manufacturers compete for market share and limited shelf space, as well as for consumers' buying preferences and dollars. Welch's competitors do so lawfully. Welch's does not.

**D.     Plaintiffs and the Class Paid a Price Premium for Misbranded Products**

94.    Plaintiff Augustine purchased the Products in California during the Class Period as defined herein.

95.    Augustine purchased the Products multiple times annually since 2015 at various locations in California, most recently in December 2020 at a Walmart located in Eastlake, California.

96.    Plaintiff McCloria purchased the Products in California during the Class Period as defined herein.

97.    McCloria purchased the Products multiple times annually since 2015 at various locations in California, most recently in approximately January 2021 at the Winco Store located in Fontana, California.

98.    Plaintiff Rutledge purchased the Products in California during the Class Period as defined herein.

99.    Rutledge purchased the Products multiple times annually since 2015 at various locations in California, most recently in 2020 at the Target Store located in Apple Valley, California.

100.   The Products were purchased at the marked retail prices, typically $3.99 for a 64-ounce plastic bottle and from time to time at other promotional prices.

101.   Plaintiffs first discovered Defendant's unlawful conduct described herein in 2021, when they learned the Products' characterizing flavors were deceptively simulated and reinforced using artificial flavoring even though Defendant failed to disclose that fact on the Products' labels.

102.   Plaintiffs were deceived by and relied upon the Products' deceptive labeling, and specifically Defendant's omission of the fact that the Products contained artificial flavorings. Plaintiffs purchased the Products believing they were naturally-flavored, based on the Products' deceptive labeling and failure to disclose the artificially flavoring.

103.   Plaintiffs, as reasonable consumers, are not required to subject consumer food products to laboratory analysis, to scrutinize the back of the label to discover that the product's front label is false and misleading, or to search the label for information that state law and federal regulations require be displayed prominently on the front.

104.   Defendant, but not Plaintiffs, knew or should have known that the Products' labeling was false and in violation of federal regulations and state law.

105.   Because Plaintiffs reasonably assumed the Products to be free of artificial flavoring, based on the Products' labels, when they were not, they did not receive the benefit of their purchases. Instead of receiving the benefit of products free of artificial flavoring, they received a Product that was unlawfully labeled to deceive the consumer into believing that it is exclusively naturally flavored and contains no artificial flavoring, in violation of federal and state labeling regulations.

106.   Plaintiffs would not have purchased the Products in the absence of Defendant's misrepresentations and omissions. Had Defendant not violated state and federal law, Plaintiffs would not have been injured.

107.   As described above, products the consumer believes to be naturally-flavored sell at a price premium compared to products that contain artificial flavors.

108.   The Products were therefore worth less than Plaintiffs and the other Class members paid for them; both they and the class members would not have paid as much as they did for the Products absent Defendant's false and misleading statements and omissions.

109.   Plaintiffs and the Class lost money as a result of Defendant's unlawful acts. Plaintiffs, and each Class member, altered her or his position to their detriment and suffered loss in an amount equal to the price premium paid for the Products as falsely labeled and advertised.

110.   Plaintiffs intend to, desire to, and will purchase the Products again when they can do so with the assurance that Products' labels, which indicate that the Products are solely naturally-flavored, are lawful and consistent with the Products' ingredients.

## V.   **DELAYED DISCOVERY**

111.   Plaintiffs did not discover that Defendant's labeling of the Products was false and misleading until February 2021 when they learned the Products contained undisclosed artificial flavoring.

112.   Plaintiffs are reasonably diligent consumers who exercised reasonable diligence in their purchase and consumption of the Products. Nevertheless, they would not have been able to discover Defendant's deceptive practices and lacked the means to discover them given that, like nearly all consumers, they rely on and are entitled to rely on the manufacturer's obligation to label its products in compliance with federal regulations and state law. Furthermore, Defendant's labeling practices and non-disclosures—in particular, misnaming and failing to correctly identify the artificial flavors in the ingredient list, or to disclose that the Products contained artificial flavoring, or to accurately identify the kind of malic acid that Welch's puts

in the Products, impeded Plaintiffs' and the Class members' abilities to discover the deceptive and unlawful labeling of the Products throughout the Class Period.

113.   Because Defendant actively concealed the illegal conduct, preventing Plaintiffs and the Class from discovering their violations of state law, Plaintiffs and the Class are entitled to delayed discovery and an extended Class Period tolling the applicable statute of limitations.

## VI.   <u>CLASS ACTION ALLEGATIONS</u>

114.   Plaintiffs bring this action on behalf of themselves and all others similarly situated (the "Class") pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

115.   The Class is defined as follows:

> All U.S. citizens who purchased the Products in the United States on or after February 1, 2015, and until the date the Class is certified by the Court, excluding Defendant and Defendant's officers, directors, employees, agents, and affiliates, and the Court and its staff.

116.   The Plaintiffs also represent a proposed California sub-class.

117.   The proposed California sub-class is defined as follows:

> All California residents who purchased the Products in California on or after February 1, 2015, and until the date the Class is certified by the Court, excluding Defendant and Defendant's officers, directors, employees, agents, and affiliates, and the Court and its staff.

118.   During the Class Period, the Products unlawfully contained the undisclosed artificial flavors d-malic acid or dl-malic acid and were otherwise improperly labeled. Defendant failed to label the Products to disclose the presence of artificial flavors as required by federal and state law.

119.   During the Class Period, Class members purchased either or both of the Products and incurred the same injuries as alleged herein for the Plaintiff.

120.    The legal violations, false advertising, and consumer and market injuries resulting from Defendant's false, misleading, and unlawful advertising, marketing, labeling, and sales of the Products are sufficiently similar to those associated with Defendant's identical conduct with respect to the Products purchased by Plaintiffs to make it reasonable to include Class members' purchases of all the Products in this Class Action.

121.    All Class members' purchases of these Products are therefore included herein.

122.    The proposed Class meets all criteria for a class action, including numerosity, typicality, superiority, and adequacy of representation; there is a well-defined community of interest in questions of law and fact common to the Class.

123.    The proposed Class satisfies numerosity. The Products are offered for sale at several thousand supermarkets; the Class numbers at minimum in the tens of thousands. Individual joinder of the class members in this action is impractical. Addressing the class members' claims through this class action will benefit Class members, the parties, and the courts.

124.    The proposed Class satisfies typicality. Plaintiffs' claims are typical of and are not antagonistic to the claims of other Class members. Plaintiffs and the class members all purchased the Products, were deceived by the false and deceptive labeling, and lost money as a result.

125.    The proposed Class satisfies superiority. A class action is superior to any other means for adjudication of the Class members' claims because each class member's claim is modest, based on the Product's retail purchase price which is generally under $5.00. It would be impractical for individual class members to bring individual lawsuits to vindicate their claims. If this action is not brought as a class action, Defendant can continue to deceive consumers and violate federal and state law with impunity.

126.    Because Defendant's misrepresentations were made on the label of the

Product itself, all Class members including Plaintiffs were exposed to and continue to be exposed to the omissions and affirmative misrepresentations.

127. The proposed Class representative satisfies adequacy of representation. The Plaintiffs are adequate representatives of the Class as they seek relief for the Class, their  interests do not conflict with the interests of the Class members, and they have no interests incompatible with those of other class members. Plaintiffs have retained counsel competent in the prosecution of consumer fraud and class action litigation.

128. There is a well-defined community of interest in questions of law and fact common to the Class, and these predominate over any individual questions affecting individual Class members in this action.

129. Questions of law and fact common to Plaintiffs and the Class include:

      a.   Whether Defendant failed to disclose the presence of an artificial flavoring ingredient in the Products;

      b.   Whether Defendant's advertising and label statement, "No Artificial Flavors" was a false or misleading statement of fact;

      c.   Whether Defendant's labeling omissions and representations constituted false advertising under state and federal law;

      d.   Whether Defendant's conduct constituted a violation of state consumer protection statutes including, for example, and without limitation, California's Consumer Legal Remedies Act, California's Unfair Competition Law, California's False Advertising Law, and other states' similar statutes;

      e.   Whether Defendant's conduct constituted a violation of state common law consumer protection laws;

*Augustine v. Welch Foods, Inc.*
CLASS ACTION COMPLAINT

f.   Whether Defendant's advertising and label statements, "No Artificial Flavors" was an affirmative representation of the Product's composition creating an express warranty;

g.   Whether Defendant's conduct constitutes a breach of implied warranties under state law;

h.   Whether Defendant's conduct violates U.S. Food and Drug Administration labeling regulations and corresponding state law;

i.   Whether the statute of limitations should be tolled on behalf of the Class due to Defendant's deceptive conduct in concealing the presence of artificial ingredients in its products;

j.   Whether the Class is entitled to restitution, rescission, actual damages, punitive damages, attorney fees and costs of suit, and injunctive relief; and

k.   Whether members of the Class are entitled to any such further relief as the Court deems appropriate.

130.   Class members lost money as a result of Defendant's unlawful behavior.

131.   Class members altered their position to their detriment and suffered loss in an amount equal to the price premium they paid for the Products as falsely labeled and advertised.

132.   Further, Defendant has acted on grounds applicable to the entire Class, making final injunctive relief or declaratory relief appropriate for the Class as a whole.

133.   Class treatment is therefore appropriate for this Action.

## VII.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Violation of Massachusetts False Advertising Law
### Massachusetts General Laws Chapter 266, §91:
### (on behalf of the nationwide class)

134.   Plaintiffs reallege and incorporate by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

135.   Welch's made and distributed, in Massachusetts and in interstate commerce, Products that unlawfully fail to disclose the presence of artificial flavoring as required by federal and state food-labeling regulations.

136.   The Products' labeling and advertising portrays the Products as if they were solely naturally-flavored, and in addition the Product advertising falsely claims that the Products contain "No  Artificial Flavors."

137.   Defendant's labeling and advertising statements, which communicated to consumers that the Products contain "No Artificial Flavors" and concealed the fact that they contain a synthetic artificial flavor, were untrue and misleading, and Defendant knew or at a minimum by the exercise of reasonable care should have known those actions were false or misleading.

138.   Defendant's conduct violated Massachusetts false advertising law, MGL Ch. 266, §91.

## SECOND CAUSE OF ACTION

### Violations of California's Consumers Legal Remedies Act ("CLRA")
### California Civil Code §§ 1750, *et seq.*
### (on behalf of the California class)

139.   Plaintiffs reallege and incorporate by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

140.   The California Consumers Legal Remedies Act, Cal. Civ. Code §1750

22

*et seq.*, prohibits any unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services to consumers.

141. Plaintiffs and the Class are "consumers" as defined by Cal. Civ. Code §1761(d). The Products are a "good" as defined by Cal. Civ. Code §1761.

142. Defendant's failure to label the Products in accord with federal and state labeling regulations, omitting the required information that the Products contain artificial flavoring, and Product advertising falsely claiming that the Products contained "No artificial flavors" was an unfair, deceptive, unlawful and unconscionable commercial practice.

143. Defendant's conduct violates the Consumer Legal Remedies Act.

144. As a result of Defendant's violations, Plaintiffs and the Class suffered ascertainable losses in the form of the price premiums they paid for the deceptively labeled and marketed Products, which they would not have paid had these Products been labeled truthfully, and in the form of the reduced value of the Product purchased compared to the Product as advertised.

145. Plaintiffs currently seek injunctive relief only for Welch's violations of the CLRA.

146. Pursuant to §1782 of the CLRA, on February 16, 2021, Plaintiffs notified Defendant Welch's in writing of the particular violations of §1770 of the CLRA and demanded Defendant rectify the actions described above by providing monetary relief, agreeing to be bound by their legal obligations, and giving notice to all affected customers of their intent to do so. If Welch's declines to take adequate corrective within 30 days of the mailing of Plaintiffs' demand letter, then Plaintiffs will seek leave to amend this complaint to add a claim for damages, restitution, and attorneys' fees and costs pursuant to the CLRA.

## **THIRD CAUSE OF ACTION**

### **Violations of California's Unfair Competition Law ("UCL")**

### **California Business and Professions Code §§ 17200, *et seq.***

### **(on behalf of the California class)**

147.   Plaintiffs reallege and incorporate by reference here each and every allegation contained elsewhere in this Complaint, as if fully set forth herein.

148.   Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent" business practice. Section 17200 specifically prohibits any "unlawful . . . business act or practice."

149.   The UCL borrows violations of other laws and statutes and considers those violations also to constitute violations of California law.

150.   Defendant's practices as described herein were at all times during the Class Period and continue to be unlawful under, *inter alia*, FDA regulations adopted into California's Sherman Law.

151.   Defendant's conduct in unlawfully packaging, labeling, advertising, and distributing the Product in commerce in California violated California law.

152.   The Products' labels fail to disclose that the Products contain synthetic artificial flavoring, in violation of California's Sherman Law among others.

153.   The Products contain synthetic dl-malic acid.

154.   The dl-malic acid is a synthetic flavoring material which creates, simulates or reinforces the characterizing grape flavors of the Products.

155.   The dl-malic acid in the Products is not derived from any natural material as defined in the applicable state regulations and is therefore, by law, an artificial flavoring.

156.   Defendant fails to inform consumers of the presence of artificial flavors in the Products, on either the front or back-label as required by law.

*Augustine v. Welch Foods, Inc.*
CLASS ACTION COMPLAINT

157.   Defendant's conduct further violates other applicable California and federal regulations as alleged herein.

158.   Defendant's practices are therefore unlawful under Section 17200 et seq of the California Civil Code.

(Unfair Prong)

159.   Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") also prohibits any "unfair . . .business act or practice."   Defendant's practices violate the Unfair Competition Law "unfair" prong as well.

160.   Defendant's practices as described herein are "unfair" within the meaning of the California Unfair Competition Law because the conduct is unethical and injurious to California citizens and the utility of the conduct to Defendant does not outweigh the gravity of the harm to consumers.

161.   While Defendant's decision to label the Products deceptively and in violation of California law may have some utility to Defendant in that it allows Welch's  to sell the Products to consumers who otherwise would not purchase an artificially-flavored food product at the premium retail price, or at all, if it were labeled correctly, and to realize higher profit margins than if they formulated or labeled the Products lawfully, this utility is small and far outweighed by the gravity of the harm inflicted on California consumers.

162.   Defendant's conduct also injures competing food product manufacturers, advertisers, and sellers, that do not engage in the same unfair and unethical behavior.

163.   Moreover, Defendant's practices violate public policy expressed by specific constitutional, statutory, or regulatory provisions, including the Sherman Law, the False Advertising Law, and the FDA regulations cited herein.

164.   Plaintiffs' purchases and all California sub-class members' purchases of the Products all took place in California.

165.   Defendant labeled the Products in violation of federal regulations and California law requiring truth in labeling.

166.   Defendant failed to disclose material facts to Plaintiffs and the Class in Defendant's advertising and marketing of the Product.

167.   Defendant's conduct is unconscionable because, among other reasons, it violates 21 C.F.R. 101.22(c), which requires all foods containing artificial flavoring to include:

> A statement of artificial flavoring . . . [which] shall be placed on the food or on its container or wrapper, or on any two or all three of these, as may be necessary to render such a statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.

168.   Defendant's conduct is also "unconscionable" because it violates, inter alia, 21 C.F.R. 101.22, which requires all food products for which artificial flavoring provides a characterizing flavor to disclose this fact prominently on the product's front label.

169.   Defendant intended that Plaintiffs and the Class rely on Defendant's acts and omissions to induce them to purchase the Products.

170.   Had Defendant disclosed all material information regarding the Products, Plaintiffs and the Class would not have purchased the Products or would only have been willing to pay less for the Products than they did.

171.   Plaintiffs and class members suffered injury in fact and lost money or property as a result of Defendant's deceptive advertising:  they were denied the benefit of the bargain when they purchased the Products based on Defendant's violation of the applicable laws and regulations, and purchased the Products in favor of competitors' products, which are less expensive, contain no artificial flavoring, or are lawfully labeled.

172.   Defendant's acts, omissions and practices detailed herein proximately

caused Plaintiffs and other members of the Class to suffer an ascertainable loss in the form of, *inter alia*, the price premium of monies spent to purchase the Products they otherwise would not have, and they are entitled to recover such damages, together with appropriate penalties, including restitution, damages, attorneys' fees and costs of suit.

173.   Section 17200 also prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons set forth above, Defendant engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code §17200.

174.   Pursuant to California Business & Professions Code §17203, Plaintiffs seeks an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to return to the Class the amount of money improperly collected.

## FOURTH CAUSE OF ACTION

### Violations of California's False Advertising Law ("FAL")

### California Business and Professions Code §§ 17500, *et seq.*

### (on behalf of the California class)

175.   Plaintiffs reallege and incorporate by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

176.   Welch's made and distributed in California and in interstate commerce Products that unlawfully fail to disclose the presence of artificial flavoring as required by federal and state food-labeling regulations.

177.   The Products' labeling and advertising portrays the Products as if they were solely naturally-flavored, and in addition the Product advertising falsely claims that the Products contain "No artificial flavors."

178.   Under California's False Advertising Law, Business and Professions Code §17500 *et seq*,

"It is unlawful for any person, firm, corporation or association, or any

employee thereof with intent directly or indirectly to dispose of real or personal property . . .  to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device . . . any statement, concerning that real or personal property . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. . . ." Cal. Bus. & Prof. Code §17500.

179.   Defendant's labeling and advertising statements on the Products' labels and in advertising and marketing materials are "advertising device[s]" under the FAL.

180.   Defendant's labeling and advertising statements, which communicated to consumers that the Products contain "No artificial flavors" and concealed the fact that they contain a synthetic artificial flavor, were untrue and misleading, and Defendant knew or at a minimum by the exercise of reasonable care should have known those actions were false or misleading.

181.   Defendant's conduct violated California's False Advertising Law.

### FIFTH CAUSE OF ACTION

**Breach of Express Warranty**

**(on behalf of the Nationwide Class and California Class)**

182.   Plaintiffs reallege and incorporate by reference the allegations found elsewhere in the Complaint as if set forth in full herein.

183.    The Products' labels warrant by operation of federal law that those products contain no artificial flavors.

184.   The Products' front label representations also misleadingly warrant that the Products are flavored only with natural grapes with no artificial flavors.

185.   These promises became part of the basis of the bargain between the parties and thus constituted an express warranty, which Welch's breached:   the Products are artificially flavored.

186.   Welch's sold the goods to Plaintiffs and the other Class members who bought the goods from Welch's.

187.   Plaintiffs and the Class did not receive goods as warranted by Defendant.

188.   Within a reasonable amount of time after Plaintiffs discovered that the Products contained synthetic flavorings and are not solely naturally-flavored, Plaintiffs notified Welch's of such breach.

189.   As a proximate result of this breach of warranty by Welch's, Plaintiffs and the Class have been damaged in an amount to be determined at trial.

190.   Defendant's conduct constituted a breach of state common law express warranties for the Products.

191.   As a proximate result of this breach of warranty, Plaintiffs and other Class members have been damaged in an amount to be determined at trial.

192.   As a result, Plaintiffs and the Class are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Welch's was unjustly enriched.

## SIXTH CAUSE OF ACTION

### Breach of Implied Warranty

### (on behalf of the Nationwide Class and California Class)

193.   Plaintiffs reallege and incorporate the allegations made elsewhere in the Complaint as if set forth in full herein.

194.   Welch's label representations also created statutory implied warranties under California law and other states' similar statutory warranties, and under common law implied warranty, that the Products were suitable for a particular

purpose, specifically as naturally-flavored food products. Welch's breached these warranties as well.

195.   The Products' front labels misleadingly and by operation of federal law assure consumers that the Products are flavored only with natural ingredients comprising the characterizing flavors.

196.   As alleged in detail above, at the time of purchase Welch's had reason to know that Plaintiffs, as well as all members of the Class, intended to use the Products specifically as naturally-flavored food products.

197.   This became part of the basis of the bargain between the parties.

198.   Based on that implied warranty, Welch's sold the goods to Plaintiffs and other Class members who bought the goods from Defendant.

199.   At the time of purchase, Welch's knew or had reason to know that Plaintiffs and the Class members were relying on Defendant's skill and judgment to select or furnish a product that was suitable for this particular purpose, and Plaintiffs and Class members justifiably relied on Defendant's skill and judgment.

200.   Because of the multiple false and deceptive statements and misrepresentations alleged herein, and because the Products contained artificial flavoring chemicals, the Products were not suitable for this purpose.

201.   Plaintiffs purchased the Products believing they had the qualities Plaintiffs sought, based on the deceptive advertising and labeling, but the Products were actually unsatisfactory to Plaintiffs for the reasons described herein.

202.   The Products were not merchantable as they were not of the same quality as other products in the category generally acceptable in the trade.

203.   The Products would not pass without objection in the trade when packaged with the existing labels, because the Products were misbranded and illegal to sell in California, for example, under Cal. Comm. Code 2314(2)(a), and in other states with similar implied warranty statutes and common law.

204. The Products also were not acceptable commercially and breached the statutory implied warranty because they were not adequately packaged and labeled as required. *See, e.g.,* Cal. Comm. Code 2314(2)(e).

205. The Products also were not acceptable commercially and breached statutory implied warranties because they did not conform to the promises or affirmations of fact made on the container or label, *see, e.g.,* Cal. Comm. Code 2314(2)(f), and other grounds as set forth in California Commercial Code section 2314(2) and other states' similar statutory and common law warranties.

206. By offering the Products for sale and distributing the Products in commerce, Welch's also warranted that the Products were not misbranded and were legal to purchase. Because the Products were misbranded in several regards and were therefore illegal to sell or offer for sale in the United States, Welch's breached this warranty as well.

207. As a result of this breach, Plaintiffs and the other Class members did not receive goods as impliedly warranted by Defendant.

208. Within a reasonable amount of time after the Plaintiffs discovered that the Products breached these warranties, Plaintiffs notified the Welch's of such breach.

209. As a proximate result of this breach of warranty, Plaintiffs and other Class members have been damaged in an amount to be determined at trial.

210. As a result, Plaintiffs and the Class are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Welch's was unjustly enriched.

## SEVENTH CAUSE OF ACTION

### Common Law Fraud By Omission

### (on behalf of the Nationwide Class and California Class)

211.   Plaintiffs reallege and incorporate the allegations made elsewhere in the Complaint as if set forth in full herein.

212.   Defendant actively concealed material facts, in whole or in part, with the intent to induce Plaintiffs and the members of the Class to purchase the Products.

213.   Specifically, Defendant actively concealed the truth about the Products by not disclosing the existence of the artificial flavoring ingredients on either the front- or back-label of the Products as is required by federal and state law.

214.   Plaintiffs and the Class were unaware of these omitted material facts and would not have purchased the Products or would have paid less for the Products if they had known of the concealed facts.

215.   Plaintiffs and the Class suffered injuries that were proximately caused by Defendant's omissions and active concealments of material facts.

216.   Defendant's fraudulent omissions and concealments were a substantial factor in causing the harm suffered by Plaintiffs and the Class members as they would not have purchased the products at all if all material facts were properly disclosed.

217.   As a result, Plaintiffs, and the Class are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Welch's was unjustly enriched by its fraudulent omissions.

## EIGHTH CAUSE OF ACTION

### Negligent Misrepresentation

### (on behalf of the Nationwide Class and California Class)

218.   Plaintiffs reallege and incorporate the allegations made elsewhere in the Complaint as if set forth in full herein.

219.   Defendant had a duty under federal and state law to disclose the presence of artificial flavoring in the Products.

*Augustine v. Welch Foods, Inc.*
CLASS ACTION COMPLAINT

220.   Defendant negligently made misrepresentations of fact and omissions of material fact to Plaintiffs and the other Class members about the Products.

221.   In making misrepresentations of fact and omissions of material fact to Plaintiffs and the other Class members about the Products, Defendant failed to fulfill its common law duties to disclose these material facts.

222.   Plaintiffs and the other Class members, as a direct and proximate result of Defendant's breaches of its duties, reasonably relied upon such representations and omissions to their detriment.

223.   By reason of the foregoing, Plaintiffs and the other Class members have suffered actual damages in an amount to be proved at trial, together with punitive damages.

## NINTH CAUSE OF ACTION

### Money Had and Received

### (on behalf of the Nationwide Class and California Class)

224.   Plaintiffs reallege and incorporate the allegations made elsewhere in the Complaint as if set forth in full herein.

225.   Both of the Products are misbranded.

226.   State law, including Massachusetts law and California law and all states with similar misbranding regulations, provides *inter alia* that food products are deemed to be misbranded if their labeling is false or misleading in any particular, and in particular if the food product contains any artificial flavoring, coloring, or preservative, unless the product bears labeling stating that fact.

227.   Federal law similarly deems such goods misbranded.

228.   The manufacture, delivery, offer of delivery, or sale of a misbranded food product is an illegal act in California and similar states. Such practices are prohibited by state law.

229.   The sale of a misbranded product violates the public policy of all such states.

230.   Welch's misbranded Products that were purchased by Plaintiffs and the Class were illegal to sell under state law and therefore worthless as a matter of law.

231.   Plaintiffs and members of the Class were unaware that the Welch's Products they purchased were misbranded and illegal to sell.

232.   Defendant received money from Plaintiffs and the Class from the purchase of Welch's products.

233.   Defendant benefitted from receipt of this money.

234.   Under principles of equity and good conscience, Defendant should not be permitted to keep this money.

235.   Plaintiffs and the members of the Class are thus entitled to recovery of the funds they expended to purchase the Defendant's misbranded Products.

## VIII.   <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendant as follows:

A.   An order confirming that this action is properly maintainable as a class action as defined above, appointing Plaintiffs and their undersigned counsel to represent the Class and Sub-class, and requiring Defendant to bear the cost of class notice;

B.   An order declaring that the conduct complained of herein violates California's CLRA, UCL, and FAL;

C.   An order declaring that the conduct complained of herein violates state consumer laws, statutes, and regulations as specified herein;

D.   An order declaring that the conduct complained of herein violates Massachusetts state consumer laws, statutes, and regulations;

E.   An order declaring that the conduct complained of herein breached express warranties, implied warranties, or both;

F.   An order requiring Defendant to disgorge any benefits received from

1  Plaintiffs and the Class, and any unjust enrichment realized as a result

2  of the improper and misleading labeling, advertising, marketing, and

3  sale of the Products;

4  G.  An order requiring Defendant to pay restitution and damages to

5  Plaintiffs and Class members so that they may be restored any money

6  which was acquired by means of any unfair, deceptive, unconscionable

7  or negligent acts;

8  H.  An award of punitive damages in an amount to be proven at trial;

9  I.  An order enjoining Defendant's deceptive and unfair practices;

10  J.  An order requiring Defendant to conduct corrective advertising;

11  K.  An award of pre-judgment and post-judgment interest;

12  L.  An award of attorney fees and costs; and

13  M.  Such other and further relief as this Court may deem just, equitable, or

14  proper.

15  ## IX.  DEMAND FOR JURY TRIAL

16  Plaintiffs demand a trial by jury on all claims for damages. Plaintiffs do not

17  seek a jury trial for claims sounding in equity.

18

19  DATED: February 24, 2021  /s/ *Ronald A. Marron*

20  Ronald A. Marron

21  **LAW OFFICES OF RONALD A.**
   **MARRON**

22  RONALD A. MARRON

23  *ron@consumersadvocates.com*

24  MICHAEL T. HOUCHIN
   *mike@consumersadvocates.com*

25  LILACH HALPERIN

26  *lilach@consumersadvocates.com*

27  651 Arroyo Drive
   San Diego, California 92103

28  Telephone: (619) 696-9006
   Facsimile: (619) 564-6665

*Augustine v. Welch Foods, Inc.*
CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ELLIOT LAW OFFICE PC**
DAVID ELLIOT
2028 3rd Avenue
San Diego, CA 92101
Telephone:   (619) 468-4865
***Attorneys for Plaintiffs and the Proposed***
***Classes***

*Augustine v. Welch Foods, Inc.*
CLASS ACTION COMPLAINT